J-E01006-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FREDERICK W. KARASH | : | |
| | : | |
| Appellant | : | No. 1440 WDA 2016 |

Appeal from the Judgment of Sentence September 9, 2016
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-SA-0000091-2016

BEFORE: BENDER, P.J.E., PANELLA, J., SHOGAN, J., LAZARUS, J., OLSON, J., STABILE, J., DUBOW, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY OLSON, J.:                **FILED MAY 30, 2018**

Appellant, Frederick W. Karash, appeals from the judgment of sentence entered on September 9, 2016. After careful consideration, we conclude that the record is inadequate to decide the important constitutional question presented in this case. Accordingly, we vacate Appellant's judgment of sentence and remand for further proceedings consistent with this memorandum.

The factual background of this case is as follows. On May 23, 2016, Waterways Conservation Officer (WCO) James Smolko observed people fishing from Appellant's boat while on patrol on Lake Erie. After confirming the individuals' compliance with fishing license requirements, WCO Smolko conducted a safety inspection of Appellant's boat. WCO Smolko determined that there were an insufficient number of personal flotation devices aboard

the vessel. He cited Appellant for violating 30 Pa.C.S.A. § 5123(a)(5). WCO Smolko provided an additional personal flotation device and permitted Appellant to continue boating.

The procedural history of this case is as follows. On June 23, 2016, a magisterial district judge found Appellant guilty of the charged offense. Appellant filed a timely notice of appeal to the Court of Common Pleas of Erie County. Prior to the trial *de novo*, Appellant filed a suppression motion arguing that the stop constituted an unreasonable search and seizure under the federal and state constitutions.

The trial court conducted a combined suppression hearing and trial *de novo* on September 9, 2016. The trial court denied Appellant's suppression motion, found him guilty, and sentenced him to a $75.00 fine. Appellant timely filed a notice of appeal to this Court. A divided three-judge panel reversed Appellant's conviction and found that the stop violated Appellant's constitutional right to be free from unreasonable searches and seizures. Thereafter, this Court granted the Commonwealth's reargument petition and vacated the three-judge panel's decision. Appellant, who previously appeared *pro se*, was represented by counsel for our *en banc* proceedings. Moreover, *amici curiae* filed briefs in support of the Commonwealth and participated in oral argument.

Appellant presents two issues for our review:

1. Were Appellant's Fourth Amendment and Article I, Section 8 rights violated when, in the absence of [a] warrant, reasonable

suspicion[,] or probable cause, agents of the state seized his boat while on a Pennsylvania waterway and detained him for approximately one hour while performing a search?

2. In light of available less intrusive invasions of privacy, does the Commonwealth's interest in boater safety so outweigh Appellant's federal and state constitutional rights that it may seize and search any boat on Pennsylvania waterways, even in the absence of reasonable suspicion or probable cause to believe a violation has been committed, for purposes of conducting safety inspections?

Appellant's Substitute Brief at 4 (complete capitalization removed).

Both of Appellant's issues challenge the denial of his suppression motion. We review the denial of a suppression motion for an abuse of discretion and our scope of review consists of "the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole." *Commonwealth v. Cole*, 167 A.3d 49, 58 (Pa. Super. 2017) (citation omitted).

Appellant, the Commonwealth, and *amici curiae* all present arguments that heavily depend on facts that are not of record in this case. Appellant contends that WCO Smolko was on his boat for over an hour when conducting the safety inspection. *See, e.g.,* Appellant's Substitute Brief at 15. The Commonwealth, on the other hand, avers that WCO Smolko's safety inspection "was neither random nor objectively or subjectively intrusive." Commonwealth's Substitute Brief at 6. The Pennsylvania Fish and Boat Commission argues that Officer Smolko never stepped foot on Appellant's

boat.  ***See*** Pennsylvania Fish and Boat Commission at 6-7.  The Pennsylvania Game Commission avers that the "safety inspection of Appellant's boat was neither random nor objectively or subjectively intrusive."  Pennsylvania Game Commission Brief at 4.  In other words, Appellant, the Commonwealth, and *amici* all approach this case by advancing inferences drawn from an undeveloped set of beliefs regarding the facts surrounding the stop of Appellant's boat.

The record, however, does not support the factual averments made by the parties or *amici*.  The record is devoid of any information regarding how WCO Smolko conducted the stop or how he performed the safety inspection.  Moreover, there is no evidence relating to when WCOs such as WCO Smolko conduct safety inspections and any safeguards employed to avoid arbitrary enforcement of boating safety regulations.  We decline to reach the important constitutional question presented in this case given the sparse record we have been presented.  Accordingly, we vacate Appellant's judgment of sentence and remand for a new suppression hearing (and a new trial *de novo* if the trial court denies the suppression motion).  The trial court shall issue detailed findings of fact and conclusions of law at the conclusion of the new suppression

hearing so that, if either party appeals, the appellate court[1] may properly review the constitutionality of the stop.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/30/2018

---

[1] Jurisdiction over this appeal properly lies with the Commonwealth Court. **See** 42 Pa.C.S. § 762(a)(2)(i) ("[T]he Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas . . . [for] . . . [a]ll criminal actions or proceedings for the violation of any . . . [r]ule, regulation or order of any Commonwealth agency[.]"). However, this Court has the authority to assume jurisdiction over this appeal pursuant to Pennsylvania Rule of Appellate Procedure 741(a). We caution the parties, however, that we may transfer any future appeal in this case to the Commonwealth Court.